UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-08959-RSWL (DFM) | Date: | November 24, 2021 |
|---|---|---|---|
| Title | Akili B. Al Saif Allah v. Superior Court of the County of Los Angeles | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Petitioner: | Attorney(s) for Respondent: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On November 12, 2021, Petitioner, proceeding pro se, filed in this Court a document titled Petition for Writ of Mandate/Prohibition. See Dkt. 1. For the reasons below, Petitioner is ordered to show cause within twenty-eight (28) days why this action should not be dismissed.

Petitioner alleges that he is the defendant in a criminal case in the Los Angeles County Superior Court entitled People v. Asaifallah, No. BA488797. See Dkt. 1 at 1. He alleges having filed in that court a "Commercial Affidavit" to challenge that court's subject matter and personal jurisdiction. Id. at 2. He alleges that that court improperly construed his Commercial Affidavit as a demurrer under California's rules of criminal procedure and improperly overruled it. See id. at 2-3, 33-35, 38-39. He also contends that that court acquiesced in his release by failing to rebut his Commercial Affidavit. See id. at 3.

Notably, Petitioner does not ask this Court for federal habeas relief; he asks the California Court of Appeal, Second Appellate District, to issue a writ of mandate under California Code of Civil Procedure § 1094.5 commanding the Superior Court to reverse its decision as to jurisdiction. See id. at 1, 4-5. However, this Court is not part of the California Court of Appeal. It thus appears that Petitioner may have mistakenly filed his papers in this Court. If so, Petitioner may request voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** He is further informed that the address of the California Court of Appeal, Second Appellate District is:

> Ronald Reagan State Building
> 300 S. Spring Street
> 2nd Floor, North Tower
> Los Angeles, CA 90013

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

     Nonetheless, the Court reviewed the Petition for Writ of Mandate/Prohibition in order to determine whether it can be construed to assert any claims cognizable on federal habeas corpus review. It appears that it cannot. Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). Relief is not available for errors in the interpretation or application of state law. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Here, Petitioner appears to allege that the Los Angeles Superior Court erred only in the interpretation or application of two things: what Petitioner refers to as "the Law of Acquiescence," Dkt. 1 at 2, and California's criminal procedure laws, see id. at 2-3. Neither of these are part of the federal constitution, laws, or treaties.

     Further, a federal court generally must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45 (1971). Indeed, "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of . . . habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Abstention is required if three criteria are met: (1) state judicial proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the proceedings provide an adequate opportunity to raise the constitutional claims. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994).

     Here, it appears that all three criteria for abstention are met. First, the state criminal proceedings appear to be ongoing. Petitioner states that his "trial date is set for November 15, 2021, or soon thereafter." Dkt. 1 at 6. It is difficult to imagine, then, that his criminal case has concluded, because he may timely appeal any judgment of conviction by filing a notice of appeal in the trial court within 60 days after the judgment is rendered, see People v. Mendez, 19 Cal. 4th 1084, 1094 (Cal. 1999), and his filing in this Court indicates that he intends to do so. Second, the proceedings implicate the important state interest of public safety because the charges included, among other things, attempted murder and attempted forcible rape. See Dkt. 1 at 45. Finally, the proceedings provide an adequate opportunity to raise any constitutional claims. Plaintiff filed a seventeen-page document citing various legal authorities, which the trial court considered and rejected, stating its reasons in writing. See id. at 33-35, 39, 48. Because these three criteria are met, this Court must abstain from entertaining Petitioner's claims.

     Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

active role in summarily disposing of facially defective habeas petitions. See Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a habeas court must give a petitioner notice of the defects and an opportunity to respond to the argument for dismissal. See id.

**Petitioner is therefore ORDERED TO SHOW CAUSE within twenty-eight (28) days why the Petition should not be dismissed for failure to state a cognizable claim and under the Younger abstention doctrine. Petitioner should clearly explain how his custody violates the U.S. Constitution or the laws of the United States. Conclusory allegations of a constitutional violation will not be sufficient to warrant habeas relief.** See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

**Petitioner is warned that failure to timely respond to this order may result in the Court dismissing this action for the reasons above and for failure to prosecute.** See Fed. R. Civ. P. 41(b). **The submission of a completed Notice of Dismissal form is sufficient to discharge this order.**