O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AKILI B. AL SAIF ALLAH,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE COUNTY OF LOS ANGELES,<br><br>Respondent. | No. CV 21-08959-RSWL (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

## I.  BACKGROUND

On November 12, 2021, Petitioner Akili B. Al Saif Allah, proceeding pro se, filed a document in this Court titled Petition for Writ of Mandate/Prohibition. See Dkt. 1 ("Petition"). Petitioner alleges that he is the defendant in a criminal case in the Los Angeles County Superior Court entitled People v. Asaifallah, No. BA488797. See id. at 1. He alleges having filed in that court a "Commercial Affidavit" to challenge that court's subject matter and personal jurisdiction. Id. at 2. He alleges that that court improperly overruled his Commercial Affidavit under California's procedural rules. See id. at 2-3, 33-35, 38-39.

On November 24, 2021, the assigned magistrate judge issued an order to show cause noting that certain features of the Petition suggest that it was mistakenly filed in this Court. See Dkt. 3 at 1. The magistrate judge ordered Petitioner to either (1) file a Notice of Dismissal form, or (2) show cause why the Petition should not be dismissed for failure to state a cognizable claim and under the abstention doctrine of Younger v. Harris, 401 U.S. 37, 45 (1971). See id. at 3. The magistrate judge expressly warned that a failure to respond might result in the dismissal of the action for the reasons above and for failure to prosecute. See id. Petitioner did not respond.

On January 14, 2022, the magistrate judge issued an order to show cause why this action should not be dismissed for failure to prosecute. See Dkt. 4. The order again expressly warned Petitioner of the consequences of failing to respond. See id. Petitioner did not respond.

On March 17, 2022, the magistrate judge issued a Report and Recommendation recommending that this case be dismissed without prejudice for failure to prosecute. See Dkt. 6. However, on April 8, 2022, the Report and Recommendation was returned to the Court. See Dkt. 7. The return mailing indicated that Petitioner had been released from the institution associated with his address of record. See id. at 1. Petitioner has not filed a notice of change of address and the 14 days provided under Local Rule 41-6 for doing so have passed.

## II. DISCUSSION

Petitioner has failed to respond to multiple court orders and failed to keep the Court informed of his current address. This is a failure to prosecute and warrants dismissal. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to

dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Here, the first, second, and fifth Carey factors militate in favor of dismissal. The Court's interest in achieving an expeditious resolution of this matter and its need to manage its docket both favor a dismissal. As a result of Petitioner's failure to respond to court orders and failure to keep the Court informed of his current address, this action has been and will continue to be stalemated. See Dkts. 3-4, 6-7. While the Court finds that the third and fourth Carey factors do not support dismissal, the Court has concluded that the other factors in this instance outweigh the third and fourth factors.

### III.  CONCLUSION

The Petition is DISMISSED without prejudice. A certificate of appealability will not issue. The Court finds that jurists of reason would agree that Petitioner has failed to prosecute this case. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: May 9, 2022         __/S/ RONALD S.W. LEW__
                          RONALD S.W. LEW
                          United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge